UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16cv61088

MARK MARTIN,

    Plaintiff,

v.

POLLACK & ROSEN, P.A.,

    Defendant.

_____/

## COMPLAINT

Plaintiff MARK MARTIN ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant POLLACK & ROSEN, P.A. ("Defendant"), to wit, for Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act (the "FDCPA"), and Florida Statute § 559.551, the Florida Consumer Collection Practices Act (the "FCCPA"), and in support thereof, Plaintiff states the following:

## INTRODUCTION & LEGAL STANDARD

1.    In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See*, Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

2.    Section 1692f states "[a] debt collector may not use unfair or unconscionable means

to collect or attempt to collect any debt. 15 U.S.C. § 1692f. The eight subsections of § 1692f set forth a non-exhaustive list of practices that fall within this ban. One such subsection states:

> (1) *The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

15 U.S.C § 1692f(1) (emphasis added).

3. Moreover, § 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, that of which include:

> (3) *The false representation or implication that any individual is an attorney or that any communication is from an attorney*; [and]
> …
> (5) *The threat to take any action that cannot legally be taken or that is not intended to be taken*.

15 U.S.C. § 1692e (emphasis added); *See*, Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 997 (3d Cir. 2011) (stating, "because the list of the sixteen subsections is non-exhaustive, a debt collection practice can be a 'false, deceptive, or misleading' practice in violation of § 1692e even if it does not fall within any of the subsections" (quoting U.S.C § 1692e)).

4. With respect to the FCCPA, it is unlawful for a debt collector to: *"[c]laim, attempt, or threaten to enforce a debt when [*the debt collector*] knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist*." Fla. Stat. § 559.72(9) (emphasis added). Intertwined with the "right" to collect such a debt, however, the FCCPA requires certain notice to be provided to consumers in situations involving the assignment of a debt, whereby "*the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any*

*action to collect the debt.*" Fla. Stat. § 559.715 (emphasis added).

4. As set forth in more detail below, Defendant's written communication with Plaintiff violated the aforementioned provisions of the FDCPA and FCCPA, thereby giving rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendant occurred here.

## PARTIES

7. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

8. Defendant is a Florida professional association, with its principal place of business located in Coral Gables, Florida.

9. On information and belief, Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

10. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

11. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

12. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA.[1]

---

[1] *See*, 15 U.S.C §1692a(5); Fla. Stat. § 559.55(6).

13. Plaintiff is a "consumer" within the meaning of the FDCPA.[2]

14. Defendant is a "debt collector" as defined by the FDCPA and FCCPA.[3]

15. Upon information and belief, on a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

16. On or about April 18, 2016, Defendant sent a letter to Plaintiff attempting to collect the Consumer Debt. A copy of the aforementioned letter (the "Collection Letter") is attached hereto as Exhibit "A."

17. Pursuant to the Collection Letter, the original creditor was (and/or is) "N0127 – ATI ENTERPRISES I" and the current creditor is (and/or was) "MOUNTAIN LION ACQUISITION S INC" ("Mountain Lion") *See*, Collection Letter.

18. Plaintiff, upon receipt and review of the Collection Letter, believed, *inter alia*, that an attorney was involved in the collection of the Consumer Debt, and that said attorney could, and would, take legal action against him. In fact, Plaintiff was so certain in this belief as to cause Plaintiff to seek out legal counsel, to wit, the undersigned legal counsel, out of necessity.

19. Defendant did not give Plaintiff notice of assignment of the Consumer Debt within thirty (30) days of assignment and/or more than thirty (30) days before any collection activity.

20. Plaintiff did not receive *any* notice of assignment of the Consumer debt within the thirty (30) days of assignment and/or more than thirty (30) days before any collection activity.

21. Pursuant to Fla. Stat. § 559.715, the aforementioned notice (*infra* ¶ 18) is required as a matter of law prior to the collection a debt in Florida, in that, such is a condition precedent to the collection of an assigned debt.

---

2 *See*, 15 U.S.C §1692a(3).
3 *See*, 15 U.S.C §1692a(6); Fla. Stat. § 559.55(7).

22. In attempting to collect the Consumer Debt, Defendant was (and/or is) acting as an agent of Mountain Lion, to wit, the assignee of the Consumer Debt.

23. Defendant knew or should have known Plaintiff had not received *any* notice sufficient to otherwise comply with the requirements of Fla. Stat § 559.715.

24. Defendant, by sending the Collection Letter without first complying with Fla. Stat. § 559.715, sought to collect a debt which it knew or should have known it did not have the right and/or authority to collect.

## COUNT I.
## VIOLATION OF THE FDCPA

25. Plaintiff incorporates by reference paragraphs 11-24 of this Complaint as though fully stated herein.

26. The statement that "[a]t this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account" does little to clarify Defendant's role in collecting the debt because it completely contradicts the message of the Collection Letter, to wit, that the Current Creditor retained a law firm to collect the Consumer Debt. *See*, Lesher, 650 F.3d 993 at 1002 (whereby court agreed with the lower court's ruling, to wit, "[a] disclaimer notifying the plaintiff that an attorney had not reviewed his account…did not mitigate the impression of potential legal action); Brazier v. Law Offices of Mitchell N. Kay, P.C., 2009 WL 764161 (M.D. Fla. 2009) (stating that, "whether the [collection letter in question] is self-contradictory and confusing is a question of interpretation and fact… [and] the placement of the disclaimer and the use of letterhead are factual question not answered or addressed in [Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360 (2d Cir. 2005)]").

27. Moreover, the statement that the Collection Letter was "from a debt collector" is a statutorily required notification that "should not be viewed as nullifying any implication that the

letter is from an attorney." *See*, Rosenau v. Unifund Corp., 539 F.3d 218, 222 (3d Cir. 2008) (explaining that "[b]oth common sense and case law confirm ... that the categories of 'debt collector' and 'attorney' are not mutually exclusive").

28. Therefore, in light of the preceding, Defendant, by and through the Collection Letter, violated the following provisions of the FDCPA:

  (a) 15 U.S.C. § 1692f(1) by failing to provide the notice and/or disclosures required by Fla. Stat. § 559.715, whereby such required as a condition precedent to the collection of the Consumer Debt; and

  (b) 15 U.S.C. §§ 1692e(3) and (5) by utilizing, including but not limited to, Defendant's attorney letterhead and signing the Collection Letter as an attorney, to wit, "Joseph F. Rosen, Esq."

29. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or finical credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages.

## COUNT II.
## VIOLATION OF THE FCCPA

30. Plaintiff incorporates by reference paragraphs 11-24 of this Complaint as though fully stated herein.

31. As set forth in more detail above, Defendant violated § 559.72(9) of the FCCPA by failing to provide the notice and/or disclosures required by Fla. Stat. § 559.715, whereby such required as a condition precedent to the collection of the Consumer Debt.

32. As a result of Defendant's aforementioned FCCPA violation, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or finical credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages.

## DEMAND FOR JURY TRIAL

33. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b) Statutory and actual damages, as provided under § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(c) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(d) Any other relief that this Court deems appropriate and just under the circumstances.

DATED: May 20, 2016

Respectfully Submitted,

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:   877-575-0010
Fax:   954-507-9975

AND

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:   855-529-9540

*COUNSEL FOR PLAINTIFF*